NUSSBAUM APC
Lane M. Nussbaum, SBN 264200
Wayne M. Abb, SBN 91625
Richard J. Uss SBN 273871
27489 Agoura Road, Ste. 102
Agoura Hills, California 91301
Tel. (818) 660-1919 | Fax. (818) 864-3241

Attorneys for Plaintiff Gwendolyn Nolan

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| IN RE: <br><br> WILLIAM K. SPENCER, <br><br> Debtor. <br><br>――――――――――――――――― <br><br> GWENDOLYN NOLAN, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM K. SPENCER, <br><br> Defendant | Case No.: 2:20-bk-10401-BB <br> Adv. Case. No: 2:20-ap-01103-BB <br><br> **AMENDED NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT WILLIAM K. SPENCER'S INITIAL DISCLOSURES PURSUANT TO FED. RULE CIV. PROC., RULE 26; REQUEST FOR MONETARY SANCTIONS IN THE AMOUNT OF $1,365.00 AGAINST DEFENDANT WILLIAM K. SPENCER** <br><br> Date: February 23, 2021 <br> Time: 2:00 p.m. <br> Courtroom: 1539 |

## NOTICE OF MOTION TO COMPEL INITIAL DISCLOSURES

**Please take notice** that on February 23, 2021 at 2:00 pm in courtroom 1539 at that Edward R. Roybal Courthouse, located at 255 E. Temple St., Los Angeles, CA 90012, Pursuant to Fed. R. Civ. P. 37(a)(1), Plaintiff respectfully moves this Court for an Order compelling Defendants to provide complete initial disclosures consistent with Fed. R. Civ. P. 26(a)(1).

-1-

Furthermore, Plaintiff respectfully moves this Court for an Order imposing monetary sanctions in the amount of $1,365.00 against Defendant due to Defendant's failure to provide his complete initial disclosures as called for in Federal Rule of Civil Procedure, Rule 26 (a)(3)(A).

Moreover, Plaintiff respectfully moves this Court for equitable sanctions precluding Defendant from offering any evidence or witnesses Defendant intended to introduce or offer at the time of trial due to Defendant's failure to provide his initial disclosures, pursuant to Federal Rule of Civil Procedure, Rule 37(c)(1).

This Motion is based on this Notice, Plaintiff's Memorandum of Points and Authorities in support thereof; the accompanying declaration of Richard J. Uss filed concurrently with this motion; and on other oral or written argument that may be offered by the parties at or before any hearing on this motion.

A proposed order is attached hereto.

Dated: January 27, 2021

Respectfully submitted,

_____

By: Richard J. Uss
Nussbaum APC
27489 Agoura Road, Ste. 102
Agoura Hills, California 91301
Attorneys for Plaintiff

-2-

**NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT WILLIAM K. SPENCER'S INITIAL DISCLOSURES PURSUANT TO FED. RULE CIV. PROC., RULE 26; REQUEST FOR MONETARY SANCTIONS IN THE AMOUNT OF $1,365.00.00 AGAINST DEFENDANT WILLIAM K. SPENCER**

NUSSBAUM APC
Lane M. Nussbaum, SBN 264200
Wayne M. Abb, SBN 91625
Richard J. Uss SBN 273871
27489 Agoura Road, Ste. 102
Agoura Hills, California 91301
Tel. (818) 660-1919 | Fax. (818) 864-3241

Attorneys for Plaintiff Gwendolyn Nolan

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| IN RE:<br><br>WILLIAM K. SPENCER,<br><br>      Debtor.<br>_____<br><br>GWENDOLYN NOLAN,<br><br>      Plaintiff,<br><br>vs.<br><br>WILLIAM K. SPENCER,<br><br>      Defendant | Case No.: 2:20-bk-10401-BB<br>Adv. Case. No: 2:20-ap-01103-BB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL PLAINTIFF WILLIAM K. SPENCER'S INITIAL DISCLOSURES**<br><br>Date: February 23, 2021<br>Time: 2:00 p.m.<br>Courtroom: 1539 |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S INITIAL DISCLOSURES**

Fed. R. Civ. P. 26(a)(1) and *Federal Rules of Bankruptcy Procedure*, Rule 7026 required Defendants to disclose the individuals, documents, and information that Defendant "may use" to support his defenses no later than ten (10) days of the parties' Rule 26 Conference, that of which occurred by and between the parties on or about June 12, 2020.

-3-
**NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT WILLIAM K. SPENCER'S INITIAL DISCLOSURES PURSUANT TO FED. RULE CIV. PROC., RULE 26; REQUEST FOR MONETARY SANCTIONS IN THE AMOUNT OF $1,365.00.00 AGAINST DEFENDANT WILLIAM K. SPENCER**

Defendant has failed to provide Plaintiff with any disclosures as mandated by Fed. R. Civ. P. 26(a)(1), and despite Plaintiff's attempts to meet and confer with Defendant, in both writing and telephonically, Defendant has ignored its requirements to comply with the requirements of Rule 26, necessitating this Motion to Compel.

In light of the expedited scheduling of this case, Plaintiff respectfully requests that the Court order Defendant to respond to this Motion (preferably by electronic service), if at all, by no later than Monday, February 1, 2021, with Plaintiff's Reply due on Friday, February 5, 2021.

## BACKGROUND

Plaintiff served her initial disclosures on June 9, 2020. Despite Defendant's deadline to serve his initial disclosures no later than June 22, 2020, Defendant has refused, and continues to refuse, to serve his initial disclosures as required.

During the parties' telephonic conferences to meet and confer regarding the status of this matter, including discovery and the upcoming status conference on or about June 9, 2020, Plaintiff inquired into Defendant's expected Rule 26 disclosures. Defendant intimated that such disclosures would be provided as required.

Despite not having received Defendant's requisite Rule 26 disclosures as required and promised previously, and identified by this Court at the October 6, 2020 status conference, on January 14, 2021, Plaintiff directed an email correspondence to Defendant inquiring into the status of Defendant's Rule 26 disclosures. *See*, Exhibit A. No response was received.

On January 19, 2021, in a last ditch attempt to avoid having to bring this matter to this Court's attention, Plaintiff directed a subsequent email to Defendant inquiring into when Plaintiff would be in receipt of Defendant's mandatory Rule 26 disclosures. *See*, Exhibit B.

As a result of Plaintiff's email, Defendant contacted Plaintiff and, with Defendant feigning ignorance, claimed that the attorney that has been assisting Defendant is "unavailable" and without the assistance of this currently unknown counsel, Defendant

would be unable to put together his Rule 26 disclosures without Plaintiff's helping Defendant do so.  Defendant informed Plaintiff that Defendant would, nevertheless, look into getting Plaintiff the necessary initial disclosures no later than the date Plaintiff identified in Plaintiff's latest email correspondence.

Defendant's Rule 26 disclosures were never received.  Instead of the Rule 26 disclosures, Plaintiff received what appeared to be a recycling of a previously-provided joint status report, generated by Plaintiff, which included numerous notations of the encircled word "same".  The document received was not Defendant's Rule 26 disclosures. lining out of what amounted to outdated information.  *See*, Exhibit C.

In response to Defendant's email, on January 26, 2021, Plaintiff notified Defendant that the document received was not Defendant's Rule 26 disclosure and that the Rule 26 disclosures were necessary.  *See*, Exhibit D. No response has been received.

To date, Defendant has yet to provide his Rule 26 disclosures, necessitating this instant Motion.

## ARGUMENT

### I.    Legal Standard

Pursuant to Fed. R. Civ. P. 37(a)(3)(A), if a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Before such a motion is made, the moving party must "in good faith" confer or attempt to confer with the party that has failed to make the disclosure in an effort to avoid court involvement. See Fed. R. Civ. P. 37(a)(1).

Fed. R. Civ. P. 26(a)(1) requires that a party "must, without awaiting a discovery request," identify "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses" and provide a copy or description of "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i), (ii). Initial disclosures are to be made based on the information "then reasonably available" to

the party, and a party is not excused from this obligation simply because "it has not fully investigated the case." Id. 26(a)(1)(E). The purpose of initial disclosures is for parties to provide "basic information that is needed […] to prepare for trial or make an informed decision about settlement." Id. 26(a)(1), advisory committee's note (1993 Amendment § (a)).

Where "a party fails to make a disclosure required by Rule 26(a)," any other party "may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases).

District courts in this Circuit routinely grant motions to compel where a party fails to provide the disclosures required under Rule 26. See, e.g., Pledger v. UHS-Pruitt Corp., 2013 WL 5603259, at *2 (E.D.N.C. Oct. 11, 2013) (compelling initial disclosures where none were provided); Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n., 2016 WL 3452734, at *2 (D.S.C. June 24, 2016) (holding promise of future supplementation insufficient and compelling initial disclosure of damages computations based on currently known information).

### A. Plaintiff Has Been Prejudiced by Defendant's Failure To Timely Disclose Pursuant To Rule 26(a).

Defendant's apparent refusal to serve complete and accurate initial disclosures prejudices Plaintiff's ability to litigate this case. While discovery has already closed as of September 30, 2020, arguably Defendant has all of the information at its disposal that it intends to use at the time of trial. As such, Plaintiff is entitled to that information in Defendant's possession. In other words, Defendant has apparently unilaterally decided to withhold his evidence from Plaintiff until the time of trial, to then spring it on Plaintiff, to Plaintiff's prejudice. Defendant's obfuscation materially impairs Plaintiff's ability to prepare for trial, and in part acted as a means to forestall Plaintiff's conduction of discovery. See Winston v. Land Transp., LLC, 2007 WL 2471063, at *2 (E.D. Va. Aug. 27,

2007) ("It is beyond question that the disclosures required by Rule 26 are the basis for the framing of further discovery requests by the adverse party.").

Moreover, despite Defendant having rudimentarily identified certain evidence and witnesses in its Joint Statement (See, ECF NO. 5) Plaintiff cannot adequately prepare for trial if Defendant continues with this particular game of hide the ball, requiring that Plaintiff essentially shoot at a moving target.

"Initial disclosures should provide the parties 'with information essential to the proper litigation of all relevant facts, to eliminat[e] surprise, and to promot[e] settlement.'" Sender v. Mann, 225 F.R.D. 645, 650 (D. Colo. 2004) (quoting Windom v. FM Industries, Inc., 2003 WL 21939033 (D. Neb. 2003)).

> In short, the Rule 26(a)(1) disclosure requirements should "be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure obligations." See Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(a). See also Fitz, Inc. v. Ralph Wilson Plastics Co., 174 F.R.D. 587, 589 (D.N.J. 1997) (Rule 26 disclosure requirement should be applied with common sense). Counsel who make the mistake of treating Rule 26(a)(1) disclosures as a technical formality, rather than as an efficient start to relevant discovery, do their clients no service and necessarily risk the imposition of sanctions.

Sender v. Mann, 225 F.R.D. at 650.

Indeed, it appears from Defendant's claimed inability to comply without the assistance of Defendant's undisclosed counsel is merely pretextual and Defendant's providing Plaintiff with a document Defendant had previously produced, which has no

-7-

**NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT WILLIAM K. SPENCER'S INITIAL DISCLOSURES PURSUANT TO FED. RULE CIV. PROC., RULE 26; REQUEST FOR MONETARY SANCTIONS IN THE AMOUNT OF $1,365.00.00 AGAINST DEFENDANT WILLIAM K. SPENCER**

bearing upon Rule 26 no intention of complying with the requirement to provide those disclosures as required by Rule 26(a)(1).

## II. THE IMPOSITION OF MONETARY AND EQUITABLE SANCTIONS ARE WARRANTED DUE TO DEFENDANT'S FAILURE TO COMPLY WITH RULE 26(a)(1)

### A. Monetary Sanctions Should Be Imposed Against Defendant

Fed. R. Civ. P. 37 provides that:

(3) Specific Motions.

(A) To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a),

any other party may move to compel disclosure and for appropriate sanctions.

Fed. R. Civ. P. 37(a)(3)(A)

Rule 37(a) of the Federal Rules of Civil Procedure mandates an award of reasonable expenses, including attorney's fees, to the prevailing party on a motion to compel discovery. Plaintiff seeks sanctions in the amount of $1,365.00 due to having to bring this Motion. (Uss Decl., ¶¶ 11-14). An updated amount will be provided in Plaintiff's Reply, and then at the hearing, if appropriate.

### B. Equitable Sanctions are Appropriate

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, there is nothing that can be advanced by Defendant that Defendant's refusal to produce his disclosures has "substantially justified."

"Substantial justification" has been defined as:

> justification to a degree that could satisfy a reasonable person
> that parties could differ as to whether the party was required to
> comply with the disclosure request. The proponent's position

-8-

must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance.

Fitz.Inc. v. Ralph Wilson Plastics Co., 174 F.R.D. 587, 591 (D.NJ. 1997)

Defendant was, and has been, notified on a number of occasions by Plaintiff and this Court concerning his need to provide his Rule 26 disclosures as required. Plaintiff has made her disclosures to Defendant. Viewed in any light, Defendant's refusal to comply is unwarranted and justifies the imposition of the appropriate equitable sanctions at the time of trial. See, Fed. R. Civ. P. 37(c)(1).

### III.   REQUEST FOR EXPEDITED BRIEFING

In light of the Court's current scheduling in this matter, in that there is presently a Pretrial Status Conference set for February 23, 2020 (See, ECF No. 18), it is imperative that Defendant provide its complete initial disclosures in advance of that date. Defendant's initial deadline to do so has long since passed and, under a standard briefing schedule, this Motion would likely not be decided until after the upcoming Pretrial Status Conference. Moreover, the matters to be determined in this Motion, Defendant calcitrant position towards that which he is statutorily mandated to do, is rudimentary and straightforward. As such, Plaintiff respectfully requests that Defendant be required to oppose this Motion, if at all, by February 2, 2021, electronically. Plaintiff's Reply, if any, would be due on February 5, 2021.

///
///
///

-9-

**NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT WILLIAM K. SPENCER'S INITIAL DISCLOSURES PURSUANT TO FED. RULE CIV. PROC., RULE 26; REQUEST FOR MONETARY SANCTIONS IN THE AMOUNT OF $1,365.00.00 AGAINST DEFENDANT WILLIAM K. SPENCER**

## IV. CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that this Court issue an Order compelling Defendant to provide his initial disclosures and that sanctions be awarded in the manner set forth herein.

Dated: January 27, 2021					**NUSSBAUM APC**

						_____
						Richard J. Uss
						Attorneys for Plaintiff Gwendolyn Nolan

NUSSBAUM APC
Lane M. Nussbaum, SBN 264200
Wayne M. Abb, SBN 91625
Richard J. Uss SBN 273871
27489 Agoura Road, Ste. 102
Agoura Hills, California 91301
Tel. (818) 660-1919 | Fax. (818) 864-3241

Attorneys for Plaintiff Gwendolyn Nolan

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| IN RE: <br><br> WILLIAM K. SPENCER, <br><br> Debtor. <br> _____ <br><br> GWENDOLYN NOLAN, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM K. SPENCER, <br><br> Defendant | Case No.: 2:20-bk-10401-BB <br> Adv. Case. No: 2:20-ap-01103-BB <br><br> **DECLARATION OF RICHARD J. USS IN SUPPORT OF MOTION COMPEL DEFENDANT WILLIAM K. SPENCER'S INITIAL DISCLOSURES** <br><br> Date: February 23, 2021 <br> Time: 2:00 p.m. <br> Courtroom: 1539 |

I, Richard J. Uss, declare as follows:

    1.    I am an attorney at law duly licensed and admitted to practice before the United States District Court, Eastern District of California, and am an associate at Nussbaum APC, attorneys of record for Plaintiff, Gwendolyn Nolan ("Plaintiff"), in this action. I have reviewed the entirety of the file contained in, and maintained by our firm for

-11-

**NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT WILLIAM K. SPENCER'S INITIAL DISCLOSURES PURSUANT TO FED. RULE CIV. PROC., RULE 26; REQUEST FOR MONETARY SANCTIONS IN THE AMOUNT OF $1,365.00.00 AGAINST DEFENDANT WILLIAM K. SPENCER**

this matter and have personal knowledge of the following facts, and if called as a witness, I could and would testify competently thereto.

2.    As of the date I signed this Declaration, my office has no record of having received Defendant's Initial Disclosures.

3.    On June 9, 2020, my office prepared and provided Plaintiff's initial disclosures to Defendant pursuant to Federal Rules of Civil Procedure 26.

4.    On June 12, 2020, my office and Defendant met and conferred regarding the Federal Rules of Civil Procedure 26 disclosures as well as those disclosures necessary for the upcoming status conference that was scheduled for June 30, 2020.

5.    Defendant failed to serve his initial disclosures within 10 days of the date of that telephonic conference my office had with Defendant.

6.    On January 14, 2021, I directed an email to Defendant concerning the lack of receipt of Defendant's initial disclosures, notifying Defendant that Defendant's initial disclosures had not been received to date. A true and correct copy of my January 14, 2021 email to Defendant is attached hereto as Exhibit A and is incorporated herein by this reference.

7.    On January 19, 2021, in an attempt to stave off having to burden this Court, I again directed an email to Defendant concerning his duty to provide Plaintiff with his disclosures, and that if they were not received, Plaintiff would need to proceed with a motion to compel and seek sanctions as a result. A true and correct copy of my January 19, 2021 email to Defendant is attached hereto as Exhibit B and is incorporated herein by this reference.

8.    As a result of my email, Defendant contacted me and, feigning ignorance, claimed that the attorney that has been assisting Defendant is "unavailable" and without the assistance of this currently unknown counsel, Defendant would be unable to put together his Rule 26 disclosures unless I assisted Defendant with doing so. At most, all I could do was direct Defendant to Rule 26 itself, and advised Defendant that I could not help Defendant in his preparation of the disclosures.

-12-

8. Defendant informed me that he would, nevertheless, look into getting me the necessary initial disclosures no later than either January 25, 2021 or January 26, 2021, the latter date being that which was identified in my last email correspondence to Defendant.

9. On January 24, 2021, Defendant sent an email with a previous joint status report generated by Plaintiff as an attachment, which included numerous notations of the encircled word "same". The document received was not Defendant's Rule 26 disclosures. A true and correct copy of the status report received and transmitting email are collectively attached hereto as Exhibit C and are incorporated herein by this reference.

10. In response to Defendant's email, on January 26, 2021, I notified Defendant that the document received was not Defendant's Rule 26 disclosure and that the Rule 26 disclosures were necessary. A true and correct copy of my email to Defendant is attached hereto as Exhibit D and is incorporated herein by this reference. No response has been received to my email.

11. Based upon the upcoming trial dates, I respectfully request that this instant Motion be heard in an expedited manner, and that Defendant be required to oppose this Motion, if at all, by February 2, 2021, electronically. Plaintiff's Reply, if any, would be due on February 5, 2021.

11. I am an associate at Nussbaum APC, located in Agoura Hills, California. I have been a member of the Bar for the State of California for over 10 years and I have filed and successfully prosecuted and defended countless cases during that time.

12. The hourly rate that my office bills my attorney time for is $350.00 per hour, billed in 1/10th increments of an hour (6 minutes). This rate is equal to, and in many instances, well below the prevailing rate for attorneys with my level of experience in the Central District of California.

13. I have spent 2.4 hours reviewing this file, preparing this instant Motion and supporting declaration. I anticipate that Plaintiff will incur an additional 1.5 hours analyzing any Opposition, preparing a Reply memorandum, and appearing at the hearing on

-13-
**NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT WILLIAM K. SPENCER'S INITIAL DISCLOSURES PURSUANT TO FED. RULE CIV. PROC., RULE 26; REQUEST FOR MONETARY SANCTIONS IN THE AMOUNT OF $1,365.00.00 AGAINST DEFENDANT WILLIAM K. SPENCER**

this Motion. As a result, the total anticipated fees Plaintiff incurred in bringing this Motion is $1,365.00.

14.  Based on the foregoing, I respectfully request that this Court award monetary sanctions in the amount of $1,365.00 against Defendant William K. Spencer due to Defendant's failure to provide Defendant's initial disclosures in this matter.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 27th day of January, 2021 in Agoura Hills, California.

_____
Richard J. Uss

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

27489 Agoura Rd., Ste. 102, Agoura Hills, CA 91301

A true and correct copy of the foregoing document entitled (*specify*): _____
AMENDED NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT WILLIAM K. SPENCER'S INITIAL DISCLOSURES PURSUANT TO FED. RULE CIV. PROC., RULE 26: REQUEST FOR MOENTARY SANCTIONS IN THE AMOUNT OF $1365.00 AGAINST DEFENDANT WILLIAM K. SPENCER
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/27/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Shraddha Bharatia - notices@becket-lee.com, Carolyn A Dye (TR) - trustee@cadye.com, Jennifer H Wang - jwang@cookseylaw.com, Daniel King - dking@theattorneygroup.com,
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 01/27/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond - 255 E. Temple Street, Suite 1534 / Courtroom 1539, Los Angeles, CA 90012
William K. Spencer - 2330 E Del Mar #111, Pasadena, CA 91107

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/27/2021 | Shauna Wilcox | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE