Daniel King, SBN: 207911
3435 Wilshire Blvd, Ste 1111
Los Angeles, CA 90010
Tel: (213)388-3887
Fax: (213)388-1744

Attorney for Defendant William Spencer

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re, | Case No. 2:20-bk-10401-BB |
| WILLIAM K. SPENCER, | Chapter 7 |
| Debtor | Adversary Case No.: 2:20-ap-01103-BB |
| GWENDOLYN NOLAN, | **DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Plaintiff, | Date: February 23, 2021<br>Time: 2:00 p.m. |
| v. | Location: Courtroom 1539 |
| WILLIAM K. SPENCER, | |
| Defendant. | |

TO HON. SHERI BLUEBOND AND ALL INTERESTED PARTIES:

    Defendant William K. Spencer moves this Court for Judgment on the Pleading pursuant to Federal Rules of Civil Procedure ("FRCP") 12(c).

1

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

I.

**STATEMENT OF FACTS**

Plaintiff Gwedolyn Nolan ("Nolan") filed adversary complaint to declare debt allegedly owed to her by Defendant William K. Spencer ("Spencer") to be nondischargeable pursuant to 11 U.S.C. sec. 523(a)(2). In or around July 2014, Nolan hired Spencer, an architect, in connection with a housing project. Nolan paid Spencer $147,000.

The Complaint alleges the parties entered into binding arbitration and that the arbitrator awarded Plaintiff against Spencer in the amount of $152,250 inclusive of attorney fees and costs; and that the "Arbitration Award specifically found that Plaintiff's damages were result of fraud committed against her by Defendant." (Complaint, paragraph 11).

The Arbitration Award attached as Exhibit 1 to Complaint provides in part:

11. The Arbitrator finds in favor of claimant Gwendolyn Nolan and against respondent William K. Spencer for breach of contract. Further, respondent Spencer committed fraud in his conduct with claimant in his failure to correct his designs, refusing to work on the project without additional funds from claimant. He refused to correct his own errors unless claimant gave him an additional $147,000.

The Complaint concludes by "Here, Defendant's debt is the consequence of a binding arbitration award, specifically finding that the Arbitration Award is compensatory damages for false pretenses, false representation, and actual fraud committed by Defendant against Plaintiff."

///

///

///

2

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

## II.

## SPENCER'S ALLEGED DEBT OWED TO NOLAN IS NOT OBTAINED THROUGH FRAUD AND THEREFORE IS DISCHARGEABLE

Section 523 provides in part:

(a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

**(A)** false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

FRCP Rule 12 provides in part:

(c) Motion for Judgment on the Pleadings. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

"A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed under the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir.2002). Thus, the court assumes the factual allegations in the Amended Complaint to be true and draws all reasonable factual inferences in Plaintiffs' favor as the nonmoving parties. Id. at 406. Unlike on a Rule 12(b)(6) motion, however, on a Rule 12(c) motion the court may consider the Answer as well. Rinaldi v. CCX, Inc., No. 3:05–CV–108,

2008 WL 2622971, at *2 n. 3 (W.D.N.C. July 2, 2008). … The test applicable for judgment on the pleadings is whether or not, when viewed in the light most favorable to the party against whom the motion is made, genuine issues of material fact remain or whether the case can be decided as a matter of law." Id.

    Plaintiff hired Defendant, an architect for almost 50 years, for architectural services in connection with a housing project, ie senior affordable apartments, and entered into a written agreement. Plaintiff paid Defendant $147,000 for those services.  The Arbitrator found that Defendant did not perform those services as agreed and found in favor of Plaintiff for breach of contract. This is the debt at issue in this adversary case and in that regard, Defendant Spencer did not obtain the $147,000 by " false pretenses, a false representation, or actual fraud". The Arbitrator simply found

Defendant failed to perform the services per the terms of the contract and did not find that Defendant committed fraud in obtaining the $147,000 from Plaintiff.

    The Arbitrator did not find Defendant had any fraudulent intent or otherwise committed fraud to obtain that money from Plaintiff. She found instead a litany of deficiencies in connection with Defendant's performance of the terms of the contract, eg "Respondent failed to complete or provide any acceptable plans for the project or any project...Respondent failed to clear any of the permits required. Respondent failed to deliver appropriate plans. The plans respondent provided were rejected by the Department of Building and Safety...(Exh 1 to Complaint, paragraph 8).

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

The only reference to fraud in the Arbitration Award pertains to the arbitrator's finding that "respondent Spencer committed fraud in his conduct with claimant in his failure to correct his designs, refusing to work on the project without additional funds from claimant. He refused to correct his own errors unless claimant gave him an additional $147,000." This finding has nothing to do with the $147,000 paid to Defendant at the outset; she found Defendant committed fraud by not agreeing to do something without additional funds after finding Defendant failed to perform as agreed. Plaintiff did not pay Defendant any additional funds so there is no additional debt with respect to which the dischargeability question arises.

Therefore, the only debt at issue in this adversary case is the $147,000 paid to Defendant in connection with which the arbitrator found Defendant had breached the contract, and nothing more. Contrary to Plaintiff's claim that this debt is "compensatory damages for false pretenses, false representation, and actual fraud committed by Defendant against Plaintiff", this debt is compensatory damages strictly for breach of contract only. And when viewed in the light most favorable to Plaintiff and taking all allegations in the complaint as true, this debt in question is solely the result of a breach of contract which the arbitrator found. As such there is no issues of material fact with respect to how Defendant obtained the $147,000 and therefore this case can be decided as a matter of law.

///

///

///

### III.

### CONCLUSION

Based on the foregoing, Defendant respectfully requests the Court to grant his Motion for Judgment on the Pleadings.

Dated: February 2, 2021                                By: _____
                                                                            Daniel King, attorney for
                                                                            Defendant

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3435 Wilshire Blvd, Suite 1111**
**Los Angeles, CA 90010**

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ___**2/02/2021**___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below

**Carolyn A Dye (TR)** trustee@cadye.com, cdye@ecf.axosfs.com;atty@cadye.com
**Lane M Nussbaum** lnussbaum@nussbaumapc.com, info@nussbaumapc.com
**United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On ___**2/02/2021**___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Hon. Sheri Bluebond**
**US Bankruptcy Courthouse**
**255 E. Temple St., Ste 1534**
**Los Angeles, CA 90010**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (<u>state method for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/02/2021 | Daniel King | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

7

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**