NUSSBAUM APC
Lane M. Nussbaum, SBN 264200
Wayne M. Abb, SBN 91625
Richard J. Uss SBN 273871
27489 Agoura Road, Ste. 102
Agoura Hills, California 91301
Tel. (818) 660-1919 | Fax. (818) 864-3241

Attorneys for Plaintiff Gwendolyn Nolan

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>WILLIAM K. SPENCER,<br><br>                Debtor.<br>_____<br><br>GWENDOLYN NOLAN,<br><br>                Plaintiff,<br><br>vs.<br><br>WILLIAM K. SPENCER,<br><br>                Defendant. | Case No.: 2:20-bk-10401-BB<br>Adv . Case. No: 2:20-ap-01103-BB<br><br>**PLAINTIFF GWENDOLYN NOLAN'S OPPOSITION TO DEFENDANT WILLIAM SPENCER'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**Date:** February 23, 2021<br>**Time:** 2:00 p.m.<br>**Place:** 255 East Temple Street,<br>         Los Angeles, California,<br>         Courtroom 1539 |

Plaintiff Gwendolyn Nolan ("Plaintiff") hereby submits the following points and authorities in opposition to the motion of the Defendant, William K. Spencer ("Defendant") to dismiss this action for failure to state a claim on which relief can be granted under Federal Rules of Civil Procedure, Rule 12(c).

///

///

-1-

**PLAINTIFF GWENDOLYN NOLAN'S OPPOSITION TO DEFENDANT GWENDOLYN NOLAN'S MOTION FOR JUDGMENT ON THE PLEADINGS**

## I. INTRODUCTION

Plaintiff commenced this instant adversarial action on April 20, 2020, seeking to exclude Defendant's debt incurred to Plaintiff obtained by judgment following the completion of the arbitration in an underlying matter involving Plaintiff and Defendant.

Defendant previously self-represented, on February 2, 2020 filed and served a substitution of counsel [Dockt. 24], substituting in counsel of record and concurrently therewith filing a Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c) [Dockt. 25]. Plaintiff was served with Defendant's Motion to Dismiss well after the close of business on February 2, 2021 and not received by Plaintiff until the next day, February 3, 2021.

Despite this matter having been pending for nearly ten (10) months and Defendant's Answer being filed approximately eight (8) months ago on May 27, 2020 [Dockt. No. 4], Defendant delays until there is little time prior to the Pretrial Status Conference on February 23, 2021 to bring this instant Motion, which ultimately may have the exceptionable effect of delaying the trial in this matter. See, Fed. R. Civ. P. 12(c), *infra*.

## II. FACTUAL BACKGROUND

On or about July 14, 2014, Plaintiff and Defendant executed a Standard Form of Agreement Between Owner and Architect (the "Agreement") related to the construction of certain apartments to take place at the property located at 7601 S. Western Avenue, Los Angeles, California 90047 (the "Premises"), whereby Defendant would provide Plaintiff with designs for a 32-unit affordable senior living apartment complex (the "Apartments") to be constructed thereat. [See, Complaint ("Compl.") ¶6.] Defendant represented to Plaintiff that Defendant would prepare the plans for the construction of the 32-unit senior apartment complex at the Premises for $148,000.00, that of which would include that the plans would be approved by the appropriate governmental agency. [Compl., *id.*]

Pursuant to Defendant's representations, Plaintiff paid Defendant the amount called for in the Agreement. [Compl., ¶8.] Plaintiff reasonably relied on Defendant's representation that Defendant would complete the plans for 32 units of senior apartments, complete with engineering, and that all plans would be approved by the appropriate

governmental agencies, despite Defendant at that time not reaching the particular milestones called for in the Agreement.

Defendant did not deliver the plans as required. Defendant failed to clear any of the permits required. [Compl., ¶9.] Respondent failed to deliver appropriate plans and the plans that Defendant provided were rejected by the Los Angeles Department of Building and Safety ("LADBS"). [Compl., *id.*]

(i)  The plans did not provide for a mandatory set-back required by the LADBS;

(ii)  The plans exceeded the maximum of three (3) stories;

(iii)  The plans improperly provided for apartment balconies which would overhang the sidewalk;

(iv)  The plans identified an incorrect address of 738 Los Angeles Street, miles from the Premises; and

(v)  The plans were for 32 units, but only 27 were legally permitted.

[Comp., Exh. 1, 6:23 to 7:8]

Plaintiff requested that Defendant to modify the plans to correct the errors and resubmit them to the LADBS. Defendant refused to correct any of the deficiencies unless Defendant was paid an additional $147,000.00. [Complt., ¶9.]

Plaintiff commenced a civil action against Defendant in the Los Angeles County Superior Court, Central District, styled as *Gwen Nolan vs William K. Spencer et. al.* and bearing case number BC677750. [Complaint ¶10.] At the Final Status Conference on December 11, 2018, Defendant informed the Court that the matter should be submitted to binding arbitration. As a result, Plaintiff and Defendant agreed to submit the matter to binding arbitration. [Compl., Exh. 1,, 4:7-8.]

The arbitration was scheduled for July 22, 2019 and then continued to September 23, 2019 at Defendant's request. [Compl., Exh. 1, 4:9-14.] Defendant thereafter failed to produce any witnesses, lay or expert, identified and produced no documents, and failed to cooperate with Plaintiff's discovery. [Compl., Exh. 1, 2:13-16.] Defendant made no further request for a continuance, did not appear at the binding arbitration and the binding arbitration occurred without Defendant's participation before the Honorable Suzanne G.

Bruguera (Ret.) (the "Arbitrator"). [Compl., Exh. 1, 5:3-10.] Plaintiff prevailed in the arbitration claim against Defendant. [Compl., Exh. 1, 7:20-21.] In the arbitration award, the Arbitrator held that Defendant "defrauded [Plaintiff]" and "committed fraud in his conduct with Plaintiff." The Arbitrator further determined that Defendant's conduct was outrageous. While the Arbitrator found Defendant's conduct fraudulent and outrageous, the Arbitrator did not consider punitive damages because Plaintiff's arbitration claim did not request them. [Compl., Exh. 1, 7:21-26.]

Ultimately, Plaintiff was awarded $152,250.00 in the Arbitration and has incurred additional sums in this instant adversarial action. [Compl., Exh. 1, 8:7-8.]

### III. ARGUMENT

#### A. Standard of Review

Rule 12(c) provides: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). To prevail on a Rule 12(c) motion, "the moving party [must] demonstrate that no material fact is in dispute and that it is entitled to judgment as a matter of law." Schuler v. PricewaterhouseCoopers, LLP, 514 F.3d 1365, 1370 (D.C. Cir. 2008) (internal quotation marks omitted).

A Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Ventress v. Japan Airlines, 603 F.3d 676, 681 (9th Cir. 2010) quoting Fajardo v. County of L.A., 179 F.3d 698, 699 (9th Cir. 1999). The court must assume the truthfulness of the material facts alleged in the complaint, Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1053 (9th Cir. 2011), and "treat as false the allegations in the answer that contradict" the complaint, Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 955 (9th Cir. 2004). All inferences reasonably drawn from these facts must be construed in favor of the responding party. General Conference Corp. of Seventh–Day Adventists v. Seventh Day Adventist Congregation Church, 887 F.2d 228, 230 (9th Cir. 1989).

**PLAINTIFF GWENDOLYN NOLAN'S OPPOSITION TO DEFENDANT
GWENDOLYN NOLAN'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Supreme Court explained in *Twombly* that a complaint is "not require[d] [to include] heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The legal standard that governs a Rule 12(c) motion is the same as that which governs a Rule 12(b)(6) motion. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

It is equally well-settled that: a motion to dismiss for failure to state claim tests formal sufficiency of statement of claim for relief, and court's inquiry is whether allegations state sufficient claim under rule 8 of these rules setting forth requirements for pleading and calling for "short and plain statement of the claim showing that the pleader is entitled to relief" complaint is to be liberally construed in favor of plaintiff and its material allegations taken as true, and only when pleading fails to meet this liberal standard should it be dismissed.  See, Fednav Ltd. v. Sterling Intern., N.D.Cal.1983, 572 F.Supp. 1268.

  **B.**  **Plaintiff Has Sufficiently Pled the Requisite Elements of 11 U.S.C. 523(a)(2)(A)**

In order to establish that Defendant's debt is non-dischargeable pursuant to Section 523(a)(2)(A), Plaintiff must establish that: (1) Defendant made a representation; (2) Defendant knew at the time the representation was false; (3) Defendant made the representation with the intention and purpose of deceiving the creditor; (4) Plaintiff relied on the representation; and (5) Plaintiff sustained damage as the proximate result of the

representation. In re Apte, 96 F.3d 1319, 1322 (9th Cir. 1996); In re Kirsh, 973 F.2d 1454, 1457 (9th Cir. 1992).

### 1. **Plaintiff has sufficiently alleged the existence of a representation that was false when made, and made with the intent to deceive Plaintiff**

Defendant has sufficiently alleged each of the elements set forth in *In re Apte* and *In re Kirsh*. Plaintiff has alleged that Defendant made a representation [*See*, Compl., 6 ("[Defendant stated] that the funds were needed to meet the milestones, but promising that upon receipt of the funds he would produce architectural plans sufficient to be approved for development by the City of Los Angeles.")] Plaintiff has further alleged that Defendant knew, at the time the representation were made, the representations were false and made the representations with the intention and purpose of deceiving Plaintiff. (See, Compl., ¶7: "Defendant made such representation in an attempt to obtain unearned fees, and did not intend to produce the work product or meet the milestones promised.")

### 2. **Plaintiff has sufficiently alleged reliance.**

Moreover, Plaintiff has alleged that Plaintiff alleged that Plaintiff relied on Defendant's representations. [Compl., ¶7.] A person may justifiably rely on a representation "even if the falsity of the representation could have been ascertained upon investigation. In other words, negligence in failing to discover an intentional misrepresentation" does not defeat justifiable reliance. In re Eashai, 87 F.3d 1082, 1090 (9th Cir. 1996); In re Apte, 180 B.R. at 229.

### 3. **Plaintiff has alleged damages proximately caused by Defendant's misrepresentations.**

Lastly, Plaintiff has alleged that Defendant's false representations are the proximate cause of Plaintiff's damages. See, Field v. Mans, 516 U.S. at 61, 64. "A fraudulent misrepresentation is a legal cause of a pecuniary loss resulting from an action […] in reliance upon it if, but only if, the loss might reasonably be expected to result from the reliance." See, Restatement (Second) of Torts, §548A. Here, Plaintiff's resulting damages

are directly related to Plaintiff's reliance upon Defendant's representation and the damages Plaintiff complained of in the underlying action are those that an individual would expect to occur as a result of Defendant's fraudulent conduct.

### C. **Based Upon the Standards of Liberal Pleading, Defendant's Motion for Judgment on the Pleadings Should be Denied in its Entirety.**

Dismissal of Plaintiff's Complaint for "insufficiency […] is not justified, unless it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proved in support of claim." Sidebotham v. Robison, C.A.9 (Cal.) 1954, 216 F.2d 816.

### D. **Should This Court Be Inclined to Grant Defendant's Motion, Plaintiff Requests Leave to Amend.**

In general, "a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). Although the rule is typically applied after a court grants a Rule 12(b)(6) motion to dismiss when a plaintiff fails "to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), courts also apply the rule in the context of a 12(c) motion for judgment on the pleadings. See, *e.g.*, Spitsyn v. Morgan, 160 Fed. Appx. 593, 594 (9th Cir. 2005).

The rule allowing parties to amend their complaints at least once before dismissal is based on the provision in Rule 15(a) of the Federal Rules of Civil Procedure that a court should give leave to amend a complaint "freely […] when justice so requires." Fed. R. Civ. P. 15(a); Corsello, *id*.

To the extent this Court is inclined to grant Defendant's Motion, Plaintiff respectfully requests leave of this Court to amend the operative Complaint in order to any defects contained therein.

///

///

///

## IV. <u>CONCLUSION</u>

Based upon the foregoing, Plaintiff respectfully requests that Defendants Motion be denied in its entirety. To the extent this Court is inclined to grant Defendant's Motion, Plaintiff respectfully requests leave to amend the Complaint.

Dated: February 9, 2021                                                                NUSSBAUM APC

By: Richard J. Uss
Attorneys for Plaintiff Gwendolyn Nolan

-8-
**PLAINTIFF GWENDOLYN NOLAN'S OPPOSITION TO DEFENDANT GWENDOLYN NOLAN'S MOTION FOR JUDGMENT ON THE PLEADINGS**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

27489 Agoura Rd., Ste. 102, Agoura Hills, CA 91301

A true and correct copy of the foregoing document entitled (*specify*): _____
**PLAINTIFF GWENDOLYN NOLAN'S OPPOSITION TO DEFENDANT WILLIAM SPENCER'S MOTION FOR JUDGMENT ON THE PLEADINGS**
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/09/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Carolyn A Dye (TR) - trustee@cadye.com, Daniel King - dking@theattorneygroup.com, United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 02/09/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

William K Spencer - 2330 E Del Mar #111, Pasadena, CA 91107

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/09/2021 | Shauna Wilcox | *(signed)* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.