1

NUSSBAUM APC
Lane M. Nussbaum, SBN 264200
Wayne M. Abb, SBN 91625
Richard J. Uss SBN 273871
27489 Agoura Road, Ste. 102
Agoura Hills, California 91301
Tel. (818) 660-1919 | Fax. (818) 864-3241

2

3

4

5

Attorneys for Plaintiff Gwendolyn Nolan

6

7

8

9

10

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

11

IN RE:

12

WILLIAM K. SPENCER,

13

                                                    Debtor.

14

_____

15

GWENDOLYN NOLAN,

16

                              Plaintiff,

17

vs.

18

WILLIAM K. SPENCER,

19

20

                              Defendant.

21

22

Case No.: 2:20-bk-10401-BB
Adv . Case. No: 2:20-ap-01103-BB

**PRE-TRIAL STATUS CONFERENCE
REPORT**

### PRE-TRIAL CONFERENCE

  **Date:**  February 23, 2021
  **Time:** 2:00 p.m.
  **Place:** 255 East Temple Street,
              Los Angeles, California,
              Courtroom 1539

23

24

25

        COMES NOW Plaintiff GWENDOLYN NOLAN, the Plaintiff in the case captioned

above ("Plaintiff") by and through her undersigned counsel, hereby requests that the Court

enter its Pre-Trial Order as follows:

26

27

28

        Plaintiff, on June 9, 2020, prepared and served her mandatory disclosures pursuant

to Fed. Rules Civ. Proc. 26.  Defendant William K. Spencer ("Defendant") failed to served

his Rule 26 disclosures as required.

-1-
**PRE-TRIAL STATUS CONFERENCE REPORT**

1    On January 14, 2021, Plaintiff attempted to meet and confer with Defendant

2  regarding his failure to serve his mandatory disclosures as well as the preparation of this

3  Pretrial Status Report.  On January 19, 2021, Plaintiff again attempted to meet and confer

4  with Defendant regarding his failure to serve his mandatory disclosures. Defendant

5  contacted Plaintiff and Plaintiff attempted to meet and confer regarding both Defendant's

6  Rule 26 disclosures and additional matters related to the preparation of the Pretrial

7  Conference Report.  Defendant informed Plaintiff that the counsel that has been assisting

8  Defendant is/was not available and without that counsel's assistance, Defendant could do

9  nothing.  To date, Defendant has failed to either serve his mandatory Rule 26 disclosures or

10  meaningfully meet and confer regarding this Pretrial Status Report.

11    Currently, a motion is currently pending before this Court that is to be heard on

12  February 23, 2021, the date of the Pretrial Conference in this matter.  [Dockt. No. 22]

13  Plaintiff seeks to prohibit Defendant from offering any evidence or witnesses at the time of

14  trial due to Defendant's failure to provide his initial disclosures, pursuant to Fed. R. Civ. P.

15  37(c)(1).

16    On February 2, 2021, Defendant filed a Notice of Substitution of Counsel [Dockt.

17  No. 24] as well as a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c)

18  [Dockt. No. 25]. Defendant's Motion for Judgment on the Pleadings is currently set to be

19  heard on February 23, 2021.

20    Subsequent to Defendant substituting in counsel, Plaintiff's counsel attempted to

21  meet and confer with counsel for Defendant.  On February 5, 2021, Plaintiff directed an

22  email concerning the need to prepare the joint status report.  No response was received.  On

23  February 8, 2021, Plaintiff attempted to telephonically meet with counsel for Defendant but

24  was informed by Defendant's counsel that he was in a rush and could not speak.  Counsel

25  for Plaintiff sent Defendant's counsel an email regarding the heightened need to meet and

26  confer and the impending deadline in this matter.  See Exhibit B to Declaration of Richard

27  J. Uss, filed concurrently herewith.

28

**PRE-TRIAL STATUS CONFERENCE REPORT**

1       Well after the close of business on February 8, 2021, Plaintiff received an email

2  from Defendant concerning scheduling a time to meet and confer the next day. See Exhibit

3  C to Declaration of Richard J. Uss, filed concurrently herewith.  The next day, Plaintiff's

4  counsel replied that counsel was available to speak that morning. See Exhibit D to

5  Declaration of Richard J. Uss, filed concurrently herewith. Counsel for Defendant failed to

6  contact counsel for Plaintiff. Plaintiff, therefore, files this Pretrial Status Report

7  unilaterally.

8       (A)     The following facts are admitted and require no proof:

9       1.      On or about June 17, 2014, Plaintiff and Defendant entered into a written

10 Outline of Architectural Services agreement whereby Defendant would provide Plaintiff

11 with designs for a 32-unit affordable senior living apartment complex (the "Apartments") to

12 be constructed at 7601 S. Western Avenue, Los Angeles, California 90047 (the

13 "Premises").

14      2.      On or about July 14, 2014, Plaintiff and Defendant executed a Standard Form

15 of Agreement Between Owner and Architect related to the construction of the Apartments

16 to take place at the Premises. Plaintiff paid Defendant pursuant to the Standard Form of

17 Agreement Between Owner and Architect.

18      3.      The Agreement Specified as the Architect's Scope of Work that Architect

19 would prepare all applications for the Apartments for approval by the appropriate

20 governmental agencies.

21      4.      Defendant represented to Plaintiff that for $147,000, Defendant would

22 complete plans for the Apartments, complete with engineering.

23      5.      Plaintiff relied on Defendant's representation that Defendant would complete

24 the plans for the Apartments, complete with engineering, and that all plans would be

25 approved by the appropriate governmental agencies.

26      6.      Defendant did not deliver the plans as required.  Defendant failed to clear any

27 of the permits required. Respondent failed to deliver appropriate plans and the plans that

28 Defendant provided were rejected by the Los Angeles Department of Building and Safety

("LADBS") because: (i) The plans did not provide for a mandatory set-back required by the

**PRE-TRIAL STATUS CONFERENCE REPORT**

LADBS; (ii) The plans exceeded the maximum of three (3) stories; (iii) The plans improperly provided for apartment balconies which would overhang the sidewalk; (iv) The plans identified an incorrect address of 738 Los Angeles Street, miles from the Premises; and (v) The plans were for 32 units, but only 27 were legally permitted.

7.    Plaintiff requested that Defendant to modify the plans to correct the errors and resubmit them to the LADBS. Defendant refused to correct any of the deficiencies unless Defendant was paid an additional $147,000.00.

8.    Plaintiff was damaged as a result of Defendant's fraudulent representation that Defendant would prepare the necessary plans and that the plans would be approved by the appropriate governmental agency.

9.    Plaintiff commenced a civil action against Defendant in the Los Angeles County Superior Court, Central District, bearing case number BC677750 and styled as *Gwen Nolan vs William K. Spencer et. al.* (the "Civil Matter").

10.    At the Final Status Conference in the Civil Matter on December 11, 2018, Defendant informed the Court that the matter should be submitted to binding arbitration. As a result, Plaintiff and Defendant agreed to submit the Civil Matter to binding arbitration.

11.    The arbitration was scheduled for July 22, 2019 and then continued to September 23, 2019 at Defendant's request.  Defendant thereafter failed to produce any witnesses, lay or expert.  Defendant made no further request for a continuance, did not appear at the binding arbitration and the binding arbitration occurred without Defendant's participation before the Honorable Suzanne G. Bruguera (Ret.).

12.    Plaintiff prevailed in the arbitration claim against Defendant.

13.    In the arbitration award, the Hon. Suzanne G. Bruguera held that Defendant "defrauded [Plaintiff]" and "committed fraud in his conduct with Plaintiff." The Hon. Suzanne G. Bruguera held that Defendant's conduct was outrageous;  Hon. Suzanne G. Bruguera did not consider punitive damages because Plaintiff's arbitration claim did not request them.

14.    Plaintiff was awarded $152,250.00 in the Arbitration and has incurred additional sums in this instant adversarial action. Plaintiff's petition to confirm the

(B)    The following issues of fact, and no others, remain to be litigated:

None.

(C)    The following issues of law, and no others, remain to be litigated:

Does the arbitrator's finding that the Defendant's underlying acts were fraudulent render Defendant's debt to Plaintiff exempt from discharge pursuant to 11 U.S.C. § 523(a)(2)?

(D)    Attached is a list of exhibits intended to be offered at the trial by each party, other than exhibits to be used for impeachment only. The parties have exchanged copies of all exhibits.

1.    Outline of Architectural Services dated 6/12/14;

2.    Standard Form of Agreement between Owner and Architect, dated 7/14/14;

3.    Progress Report from Defendant dated 9/30/14;

4.    Copies of cancelled personal checks dated 7/14/14 and 7/25/14;

5.    Copies of cancelled cashier's checks dated 3/23/15; 5/1/15 and 6/1/15;

6.    Los Angeles Department of Building and Safety Certificate Information for 7601 S. Western Avenue, Los Angeles, California 90047;

7.    Cooke & Associates, LLC correspondence regarding deficiencies in plans, dated 9/13/19; and

8.    Arbitration Award.

(E)    The parties have exchanged a list of witnesses to be called at trial.

1.    Gwendolyn Nolan; and

2.    William K. Spencer (Fed. R. Evid. 611).

(F)    Other matters that might affect the trial such as anticipated motions in limine, motions to withdraw reference due to timely jury trial demand pursuant to LBR 9015-2, or other pretrial motions.

Defendant has a pending Motion for Judgment on the Pleadings set for February 23, 2021 (Dockt. No. 25).

(G)    All discovery is complete.

(H)    The parties are ready for trial.

1    (I)    <u>The estimated length of trial is 1.5 days.</u>

2    (J)    The foregoing admissions have been made by the parties, and the parties have

3    specified the foregoing issues of fact and law remaining to be litigated. Therefore, this

4    order supersedes the pleadings and governs the course of trial of this cause, unless modified

5    to prevent manifest injustice.

6

7    Dated: February 9, 2021                                    NUSSBAUM APC

8

9                                                                    _____

10                                                                   By:  Richard J. Uss
                                                                          Attorneys for Plaintiff Gwendolyn
11                                                                        Nolan

12

13   **IT IS SO ORDERED.**

14

15

16   Dated: _____          _____
                                                                   HONORABLE SHERI BLUEBOND
17

18

19

20

21

22

23

24

25

26

27

28

**PRE-TRIAL STATUS CONFERENCE REPORT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

27489 Agoura Rd., Ste. 102, Agoura Hills, CA 91301

A true and correct copy of the foregoing document entitled (*specify*): _____
__**PRE-TRIAL STATUS CONFERENCE REPORT**_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/09/2021_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Carolyn A Dye (TR) - trustee@cadye.com, Daniel King - dking@theattorneygroup.com, United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __02/09/2021_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
William K Spencer -  2330 E Del Mar #111, Pasadena, CA 91107
Hon Sheri Bluebond - Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

02/09/2021     Shauna Wilcox _____     _____
Date            Printed Name                                  Signature

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.