NUSSBAUM APC
Lane M. Nussbaum, SBN 264200
Wayne M. Abb, SBN 91625
Richard J. Uss SBN 273871
27489 Agoura Road, Ste. 102
Agoura Hills, California 91301
Tel. (818) 660-1919 | Fax. (818) 864-3241

Attorneys for Plaintiff Gwendolyn Nolan

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| IN RE: | Case No.: 2:20-bk-10401-BB |
| WILLIAM K. SPENCER, | Adv. Case. No: 2:20-ap-01103-BB |
| Debtor. | **PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| | **PRE-TRIAL CONFERENCE** |
| GWENDOLYN NOLAN, | **Date:** February 23, 2021 |
| Plaintiff, | **Time:** 2:00 p.m. |
| vs. | **Place:** 255 East Temple Street, Los Angeles, California, Courtroom 1539 |
| WILLIAM K. SPENCER, | |
| Defendant. | |

**I.    PLAINTIFFS' CLAIMS**

   **A.    Summary of Claims Plaintiff Plans to Pursue**

Plaintiff's (Gwendolyn Nolan") complaint stated one claim against Defendant William K. Spencer ("Defendant") to declare the debt owed to her by Defendant non-

-1-
**PLAINTIFF'S CONTENTIONS AND MEMORANDUM OF FACT AND LAW**

dischargeable pursuant to 11 U.S.C. § 523(a)(2) and Bankruptcy Rule 4007. On February 2, 2021, Defendant moved to dismiss Plaintiffs' complaint in its entirety.

<u>Claim 1</u>: The Arbitrator, based upon admissible evidence, determined that Defendant's actions amounted to fraud and is therefore exempt from discharge pursuant 11 U.S.C. § 523(a)(2) and Bankruptcy Rule 4007.

**B.    Background Facts**

On or about June 17, 2014, Plaintiff and Defendant entered into a written Outline of Architectural Services agreement whereby Defendant would provide Plaintiff with designs for a 32-unit affordable senior living apartment complex (the "Apartments") to be constructed at 7601 S. Western Avenue, Los Angeles, California 90047 (the "Premises"). Defendant represented to Plaintiff that Defendant would prepare the plans for the construction of the 32-unit senior apartment complex at the Premises for $147,000.00, that of which would include that the plans would be approved by the appropriate governmental agency, complete with engineering.

Thereafter, on or about July 14, 2014, Plaintiff and Defendant executed a Standard Form of Agreement Between Owner and Architect related to the construction of the Apartments to take place at the Premises. Plaintiff paid Defendant pursuant to the Standard Form of Agreement Between Owner and Architect.

Plaintiff reasonably relied on Defendant's representation that Defendant would complete the plans for 32 units of senior apartments, complete with engineering, and that all plans would be approved by the appropriate governmental agencies.

Defendant did not deliver the plans as required.  Defendant failed to clear any of the permits required. Respondent failed to deliver appropriate plans and the plans that Defendant provided were rejected by the Los Angeles Department of Building and Safety ("LADBS") because:

(i)    The plans did not provide for a mandatory set-back required by the LADBS;

(ii)   The plans exceeded the maximum of three (3) stories;

(iii)  The plans improperly provided for apartment balconies which would overhang the sidewalk;

(iv) The plans identified an incorrect address of 738 Los Angeles Street, miles from the Premises; and

(v) The plans were for 32 units, but only 27 were legally permitted.

Plaintiff requested that Defendant to modify the plans to correct the errors and resubmit them to the LADBS. Defendant refused to correct any of the deficiencies unless Defendant was paid an additional $147,000.00.

Plaintiff commenced a civil action against Defendant in the Los Angeles County Superior Court, Central District, styled as *Gwen Nolan vs William K. Spencer et. al.* and bearing case number BC677750. At the Final Status Conference on December 11, 2018, Defendant informed the Court that the matter should be submitted to binding arbitration. As a result, Plaintiff and Defendant agreed to submit the matter to binding arbitration.

The arbitration was scheduled for July 22, 2019 and then continued to September 23, 2019 at Defendant's request. Defendant thereafter failed to produce any witnesses, lay or expert, identified and produced no documents, and failed to cooperate with Plaintiff's discovery. Defendant made no further request for a continuance, did not appear at the binding arbitration and the binding arbitration occurred without Defendant's participation before the Honorable Suzanne G. Bruguera (Ret.) (the "Arbitrator"). Plaintiff prevailed in the arbitration claim against Defendant. In the arbitration award, the Arbitrator held that Defendant "defrauded [Plaintiff]" and "committed fraud in his conduct with Plaintiff." The Arbitrator further determined that Defendant's conduct was outrageous. While the Arbitrator found Defendant's conduct fraudulent and outrageous, the Arbitrator did not consider punitive damages because Plaintiff's arbitration claim did not request them.

Ultimately, Plaintiff was awarded $152,250.00 in the Arbitration and has incurred additional sums in this instant adversarial action.

C.  **Elements of Plaintiff's Claim**

In order to establish that Defendant's debt is non-dischargeable pursuant to Section 513(a)(2)(A), Plaintiff must establish that: (1) Defendant made a representation; (2) Defendant knew at the time the representation was false; (3) Defendant made the representation with the intention and purpose of deceiving the creditor; (4) Plaintiff relied

on the representation; and (5) Plaintiff sustained damage as the proximate result of the representation. In re Apte, 96 F.3d 1319, 1322 (9th Cir. 1996); In re Kirsh, 973 F.2d 1454, 1457 (9th Cir. 1992).

### D. Argument

#### 1. Defendant made a representation to Plaintiff.

Here, Defendant clearly made a representation to Plaintiff, insomuch that Defendant would prepare the plans for the Premises for $147,000.00 and that the proposed plans would be approved by the appropriate governmental agency.

#### 2. Defendant knew at the time that the representation was made that it was false.

Here, the sum total of Defendant's plans prepared for Plaintiff, insomuch that the plans so widely deviated from what Plaintiff desired and had communicated to Defendant, evinces that Defendant's representations were false when made to Plaintiff, and that Defendant was aware that the representations to Plaintiff were made with the intent to deceive Plaintiff and have Plaintiff commit to paying Defendant for what amounted to nothing and be still required to pay more in order to remedy the issues that lead to the LADBS' failure to approve the plans for the Premises.

Numerous deficiencies existed in Defendant's plans and were never approved by the LADBS, which was ultimately a material term, if not the most material of the Agreement itself. Building plans are of no benefit if the reviewing agency will not permit said plans to be built upon. The multiple defects identified by the LADBS related to Defendant's plans, identified above, were not trivial in nature and, to the contrary, were glaringly significant. The plans incorrectly identified the address being 738 Los Angeles Street, which is over a mile from the Premises; did not provide for a mandatory set-back required by the LADBS; exceeded the maximum of three (3) stories; improperly provided for apartment balconies which would overhang the sidewalk at the Premises; and Defendant's plans as presented were for 32 units, but only 27 were legally permitted.

Notably, these issues are not merely a difference in opinions between the architect and under no circumstance would any of the identified defects would not pass muster from LADBS' plan check. Based upon the number of violations, as well as the nature of the

violations themselves, when one takes into account Defendant's self-represented professional ability, the evident inference drawn is that Defendant was aware of the truthfulness (or lack thereof) of Defendant's representations to Plaintiff. Nothing in the evidence presented supports an inference that Defendant's representations were unintentional.

### 3. Defendant made the representation with the intention and purpose of deceiving Plaintiff.

Our Courts have held that intent can be inferred from the party's conduct. United States v. Cusino, 694 F.2d 185, 187 (9th Cir. 1982) (citing United States v. Beecroft, 608 F.2d 753, 757 (9th Cir. 1979)), cert. denied, 461 U.S. 932 (1983). See also, In re Dakota, 284 B.R. at 721 (citing to In re Anastas, 94 F.3d 1280 (9th Cir. 1996) As the Arbitrator correctly pointed out, the refusal of Defendant to correct his designs on the project and refusal to work without Plaintiff paying Defendant an additionally $147,000.00 reveals the fraudulent nature of Defendant's representations made to Plaintiff in order to deceive Plaintiff as well as Defendant's knowledge that the previous representations to Plaintiff were false when made. Nothing contained in the evidence available supports the inference that the violations were based upon anything other than Defendant's plans. Moreover, taking into account Defendant's professional experience and the number, scope and nature of the violations that lead to Defendant's demand for an additional $140,000 to correct the errors was intentional and as Defendant had planned.

### 4. Plaintiff reasonably relied on Defendant's representations.

Plaintiff's reliance on Defendant's representations was reasonable and justifiable; Defendant held himself out as a professional architect and Plaintiff was justified in relying on Defendant's representations. A person may justifiably rely on a representation "even if the falsity of the representation could have been ascertained upon investigation. In other words, negligence in failing to discover an intentional misrepresentation" does not defeat justifiable reliance. In re Eashai, 87 F.3d 1082, 1090 (9th Cir. 1996); In re Apte, 180 B.R. at 229 ("justifiable" reliance is a mixture of objective and subjective standards, which takes

into account knowledge and relationship of the parties themselves). Nothing at the time the representation was made could have reasonably lead to Plaintiff realizing the falsity of Defendant's representations.

Moreover, Defendant's false representations are the proximate cause of Plaintiff's damages. See, Field v. Mans, 516 U.S. at 61, 64. "A fraudulent misrepresentation is a legal cause of a pecuniary loss resulting from an action […] in reliance upon it if, but only if, the loss might reasonably be expected to result from the reliance." See, Restatement (Second) of Torts, §548A.  Here, Plaintiff's resulting damages are directly related to Plaintiff's reliance upon Defendant's representation and the damages Plaintiff complained of in the underlying action are those that an individual would expect to occur as a result of Defendant's fraudulent conduct.

### 5. Plaintiff was damaged as a result.

Plaintiff was damaged as a result of Defendant's fraudulent representation that Defendant would prepare the necessary plans and that the plans would be approved by the appropriate governmental agency.  As a result of Defendant's representations, Plaintiff was deprived of the money that Plaintiff had paid Defendant, expecting to have received the plans as Defendant had represented.

## II. DEFENDANT'S COUNTERCLAIMS & AFFIRMATIVE DEFENSES

### A. Summary of Defenses Defendant Plans to Pursue.

Defendant did not plead any counterclaims against Plaintiff. Defendant has pled two (2) affirmative defenses, including: (1) "the finding of fraud in Defendant's conduct as articulated by the Arbitrator is not a basis for awarding damages to Plaintiff but rather it was a finding to support punitive damages which were not demanded by Plaintiff;" and (2) "Defendant performed his duties under the contract in good faith but the City of Los Angeles wanted changes made to the design; and once Defendant advised Plaintiff of this, Plaintiff decided to terminate the contract."

///

///

### 1. Defendant's first affirmative defense ignores the principles of Section 523(a)(2)(A)

Defendant attempts to obfuscate the intended implication of section 523(a)(2)(A). 11 U.S.C. 523(a)(2)(A) seeks to prevent a debtor from discharging a debt that is based upon the intentional wrongdoing of the debtor.

It is well-settled that "non-dischargeability due to fraud is a federal question, therefore a federal rather than state definition of fraud is to be used." In re Davis (Bankr. N.D. Fla. 1990) 115 B.R. 346, 349. Here, it is clear that the Arbitrator identified in the arbitration award that Defendant had obtained the money in question through fraud or fraudulent pretenses.

The Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, embodying a basic policy animating the Code of affording relief only to an "honest but unfortunate debtor." Cohen v. de la Cruz (1998) 523 U.S. 213, 217.

Section 523(a)(2)(A) of the Bankruptcy Code provides an exception from the discharge of any debt for money, property or services, to the extent such debt was obtained by false pretenses, a false representation, or actual fraud. 11 U.S.C. § 523(a)(2)(A). Nothing contained in Section 523(a)(2)(A) mandates that the cause of action for which the damages stemmed controls whether on not the debt is dischargeable, but whether the finder of fact determines that the complained of act on the part of the defendant/debtor was fraudulent or not.

Here, the Arbitrator clearly and correctly identified that Defendant's acts amounted to fraudulent conduct and the debt that Defendant is seeking to discharge is not the result of forthright but unfortunate conduct on the part of Defendant.

### 2. Defendant's Affirmative Defense of Good Faith is controverted by that admissible evidence offered in support of Plaintiff's Claims

By the virtue of this affirmative defense, Defendant "catch all" affirmative defense is inherently alleging that every act of Defendant was subjectively proper, given the facts presented.  Defendant's attempt to present this as an issue where the "City of Los Angeles

wanted corrections to the design" is, at best, a mischaracterization of the issues presented and clearly misstates that which occurred by and between Plaintiff and Defendant that culminated in Plaintiff's damages, the underlying civil action and arbitration that followed.

Despite Defendant's contention that Plaintiff "terminated the contract" for no apparent reason, based upon the admissible evidence offered at the arbitration concerning the difference between what Defendant and what Plaintiff ultimately received, in addition that Plaintiff pay Defendant an additional $140,000.00 before Defendant would correct the platitude of defects in the plans as prepared by Defendant, Defendant's affirmative defense is wholly unsupported.

### III. ANTICIPATED EVIDENTIARY ISSUES

Concurrent with Defendant's substitution of counsel, Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 12(c), currently set to be heard in conjunction with the Pretrial Conference in this matter.

### III. BIFURCATION OF ISSUES

Neither party has requested bifurcation of any issues at this time.

### IV. DEMAND FOR JURY TRIAL

No demand for a jury trial has been submitted by either Plaintiff or Defendant.

Dated: February 9, 2021                                    NUSSBAUM APC

                                                           By: Richard J. Uss
                                                           Attorneys for Plaintiff Gwendolyn Nolan

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

27489 Agoura Rd., Ste. 102, Agoura Hills, CA 91301

A true and correct copy of the foregoing document entitled (*specify*): _____
PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)

02/09/2021_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Carolyn A Dye (TR) - trustee@cadye.com, Daniel King - dking@theattorneygroup.com, United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 02/09/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

William K Spencer - 2330 E Del Mar #111, Pasadena, CA 91107

**Hon Sheri Bluebond - Edward R. Roybal Federal Building and Courthouse**
**255 E. Temple Street, Suite 1534 / Courtroom 1539**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/09/2021 | Shauna Wilcox | | *signature* |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*   **F 9013-3.1.PROOF.SERVICE**