| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - _____ DIVISION**

| In re: | CASE NO.: |
|---|---|
| | CHAPTER: |
| | **NOTICE OF MOTION FOR:**<br><br>(***Specify name of Motion***) |
| | DATE:<br>TIME:<br>COURTROOM:<br>PLACE: |
| Debtor(s). | |

1. TO (*specify name*): _____

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 1    **F 9013-1.1.HEARING.NOTICE**

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date: _____

_____
Printed name of law firm

_____
Signature

_____
Printed name of attorney

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*     Page 2     **F 9013-1.1.HEARING.NOTICE**

Daniel King, SBN: 207911
3435 Wilshire Blvd, Ste 1111
Los Angeles, CA 90010
Tel: (213)388-3887
Fax: (213)388-1744

Attorney for Defendant William Spencer

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re,<br><br>WILLIAM K. SPENCER,<br><br>　　　　　　　　Debtor<br>―――――――――――――――――<br>GWENDOLYN NOLAN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br><br>WILLIAM K. SPENCER,<br><br>　　　　　　　Defendant. | Case No.  2:20-bk-10401-BB<br><br>Chapter 7<br><br>Adversary Case No.: 2:20-ap-01103-BB<br><br>**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6)**<br><br>Date: June 15, 2021<br>Time: 2:00 p.m.<br>Location: Courtroom 1539 |

TO HON. SHERI BLUEBOND AND ALL INTERESTED PARTIES:

　　Defendant William K. Spencer moves this Court for Order to Dismiss Amended Complaint For Failure to State a Claim pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6).

1

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

# I.

# **STATEMENT OF FACTS**

Plaintiff Gwedolyn Nolan ("Nolan") filed adversary complaint to declare debt allegedly owed to her by Defendant William K. Spencer ("Spencer") to be nondischargeable pursuant to 11 U.S.C. sec. 523(a)(2). After hearing on Defendant's Motion for Judgment on Pleadings, denied by the Court, Plaintiff filed Amended Complaint to Declare Non-Dischargeable pursuant to 11 USC sec. 523(a)(2) and 523 (a)(4). In or around July 2014, Nolan hired Spencer, an architect, in connection with a housing project. Nolan paid Spencer $147,000.

The Amended Complaint alleges that after the parties entered into a written agreement for architectural services to be performed by Spencer in or around July 2014, Spencer's proposed plans contained defects as identified by the City

> "are of a basic and/or rudimentary nature that no licensed professional would have prepared or presented them as the plans in no manner or form comported with the scope of work that Plaintiff had contracted for and had no possibility of being approved by the Los Angeles Department of Building and Safety…"

and further alleges that "based upon the manner in which the plans deviated from what Plaintiff had contracted for and reasonably expected to receive, Defendant had no intention to perform the work as contracted…" (Amended Complaint, ¶14, 16)

Plaintiff further alleges that the "Arbitration Award specifically found that Plaintiff's damages were the result of fraud committed against her by Defendant", and that "Defendant's debt is the consequence of a binding arbitration award, specifically finding that the Arbitration

Award is compensatory damages for false pretenses, false representations, and actual fraud committed by Defendant against Plaintiff. (Amended Complaint, ¶ 21, 24)

The Arbitration Award attached as Exhibit 1 to Amended Complaint provides in part:

11. The Arbitrator finds in favor of claimant Gwendolyn Nolan and against respondent William K. Spencer for breach of contract. Further, respondent Spencer committed fraud in his conduct with claimant in his failure to correct his designs, refusing to work on the project without additional funds from claimant. He refused to correct his own errors unless claimant gave him an additional $147,000.

## II.

## SPENCER'S ALLEGED DEBT OWED TO NOLAN IS NOT OBTAINED THROUGH FRAUD AND THEREFORE IS DISCHARGEABLE

11 U.S.C. Section 523 provides in part:

(a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

FRCP Rule 12 provides in part:

(b) Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(6) failure to state a claim upon which relief can be granted

///

3

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

The Supreme Court explained that a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) [quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)] The facts in the Complaint must "raise a right to relief above the speculative level," and into the "realm of plausible liability." Twombly, 550 U.S. at 555.

> Determining whether a complaint states a plausible claim for relief [is]...a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – that the pleader is entitled to relief."

Iqbal,556 U.S. at 679.

Here, Plaintiff Nolan is alleging that Defendant Spencer "had no intention to perform the work as contracted" because his proposed plans contained defects which are of a

> "basic and/or rudimentary nature that no licensed professional would have prepared or presented them as the plans in no manner or form comported with the scope of work that Plaintiff had contracted for and had no possibility of being approved by the Los Angeles Department of Building and Safety"

Although not stated in the statute, the Supreme Court has held that the scienter,or actual knowledge of the alleged misrepresentations made, requirement is inherent in sec 523(a)(2). Field v. Mans, 511 U.S. 59,60 (1995). Either actual knowledge or gross recklessness is required in respect to scienter. Bullock v. BankChampaign, NA, 133 S.Ct. 1754, 1757. The aforementioned allegations is Nolan's attempt to prove scienter, ie, Spencer had actual knowledge he could not have performed the work called for under the agreement, or

4

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

was grossly reckless in believing so because no licensed architect would have prepared or presented the plans with the kinds of defects enumerated by the Dept. of Building and Safety. Plaintiff's aforementioned allegations are utter speculation. Common sense dictates that it is extremely difficult, indeed next to impossible to prove said allegations, even if the burden is by preponderance of evidence. In effect, Plaintiff is alleging that Defendant is a sham, a con artist who not only is not a licensed architect, but does not have any experience doing architectural work. But, although not specifically alleged by Plaintiff, Defendant was a licensed architect at the time the parties entered into the agreement, and still is a licensed architect.

In short, Plaintiff's allegations in respect to the scienter requirement under 523(a)(2) falls within the realm of speculation, not "plausible liability." In that regard, Plaintiff's allegations that the debt in question is the "consequence of a binding arbitration award, specifically finding that the Arbitration Award is compensatory damages for false pretenses, false representations, and actual fraud committed by Defendant against Plaintiff" is inaccurate as said arbitration award does not contain such findings; therefore, there is no issue preclusion as to the scienter requirement under 523(a)(2).

**523(a)(4)**

Although not alleged in the body of the Amended Complaint, Plaintiff alleges the nondischargeability of the debt is also based on 523(a)(4) as stated on the caption page. Said section provides that debts are nondischargeable "for fraud or defalcation while acting in a

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

fiduciary capacity, embezzlement, or larceny". There are no allegations that the parties are in a fiduciary relationship nor are there allegations relating to embezzlement and larceny.

### III.

### CONCLUSION

Based on the foregoing, Defendant respectfully requests the Court to grant his Motion to Dismiss for Failure to State a Claim in regards to both sec 523(a)(2) & (a)(4)..

Dated: May 21, 2021                                    By: _____
                                                        Daniel King, attorney for
                                                        Defendant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*)
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____   _____   _____
*Date*           *Printed Name*                *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*      Page 3      **F 9013-1.1.HEARING.NOTICE**